UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAGNER ABIGAIL LOPEZ Y LOPEZ,     *
                                      *

     Petitioner,                     *
                                      *

        v.                        *
                                      *     Civil Action No. 1:26-cv-12163-IT

ANTONE MONIZ, Superintendent, Plymouth  *
County Correctional Facility, et al.,        *
                                      *

     Respondents.                 *
                                      *

MEMORANDUM & ORDER

June 2, 2026

TALWANI, D.J.

Petitioner Wagner Abigail Lopez y Lopez, a citizen of Guatemala, entered the United

States without inspection approximately eight years ago. Pet. ¶¶ 1, 22 [Doc. No. 1]. He has lived

in Massachusetts since that time. Id. ¶ 22.

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on or

about May 12, 2026, at the Lawrence District Court as Petitioner attempted to pay a fine. Id.

¶¶ 1, 25. Petitioner is presently detained at the Plymouth County House of Corrections in

Plymouth, Massachusetts. Id. ¶ 3.

On May 13, 2026, Petitioner filed a Verified Petition for a Writ of Habeas Corpus [Doc.

No. 1] ("Petition"), in which he requests that the court order Respondents to "release Petitioner

immediately or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's

release on conditions the Court deems just and proper[.]" Id. at ECF 9 ¶ 5. As grounds, Petitioner

asserts that (1) he is subject to detention, if at all, under 8 U.S.C. § 1226(a) and is therefore

entitled to a bond hearing; (2) in the absence of a bond hearing, Petitioner's continued detention

1

violates his procedural and substantive due process rights under the Fifth Amendment to the

United States Constitution; (3) Petitioner's detention results from an unreasonable seizure, in

violation of the Fourth Amendment; and (4) Petitioner was arrested in the absence of a warrant

and without a showing that Respondents had "reason to believe" that Petitioner was "likely to

escape before a warrant c[ould] be obtained for his arrest[,]" in violation of 8 U.S.C.

§ 1357(a)(2). Id. ¶¶ 28–52.

> In their abbreviated Response [Doc. No. 5], Respondents
>
> submit that the legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz, [800 F. Supp. 3d 203 (D. Mass. 2025)], Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025).

Id. at 1. Respondents therefore acknowledge that "[s]hould the court follow its reasoning in Doe,

Escobar, Da Silva, and Venancio, it would reach the same result here and order a bond hearing

conducted in Immigration Court pursuant to 8 U.S.C. § 1226(a)." Id.

In a footnote, Respondents "also note that there is currently a Circuit split on this issue,"

in which "the Fifth and Eighth Circuits have concluded that § 1225(b)(2) may be a basis for

detention under these circumstances . . . while the Second Circuit has held that it is not." Id. at 2

n.2 (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, 170

F.4th 1128, 1133 (8th Cir. 2026); and Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026)).

Where the First Circuit has not yet had an opportunity to address this issue,[1] the court finds more

persuasive the Second Circuit's recent resolution of the issue in Barbosa da Cunha. There, the

Second Circuit "part[ed] ways with [the Fifth and Eighth Circuits]" and "join[ed] the

---

[1] Respondents appealed only one of this court's above-referenced decisions to the First Circuit and subsequently stipulated to a dismissal of that appeal. See Judgment, Doe v. Moniz, 25-cv-12094, Dkt. No. 69 (Nov. 25, 2025).

overwhelming majority of federal judges across the Nation to consider it and conclude[d] that the government's novel interpretation of the immigration statutes defies their plain text." Barbosa de Cunha, 175 F.4th at 69.[2]

Where the court finds that the reasoning in Doe remains correct, the Petition [Doc. No. 1] is GRANTED as follows:

No later than June 9, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk.

Respondents shall submit a status report on this matter no later than June 16, 2026, stating (1) whether Petitioner received a bond hearing and, if so, when; (2) whether Petitioner was granted bond; and (3) whether Petitioner remains in custody.

IT IS SO ORDERED.

June 2, 2026                                              /s/ Indira Talwani
                                                         United States District Judge

---

[2] In light of the preceding discussion, the court need not address Petitioner's arguments under the Fourth Amendment or 8 U.S.C. § 1357(a)(2).